IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Detention of C.B., | No. 81545-8-I |
| | DIVISION ONE |
| | UNPUBLISHED OPINION |

PER CURIAM — C.B. appeals a 14-day involuntary commitment. He contends, and respondent Fairfax Hospital concedes, that the trial court failed to comply with former RCW 71.34.740(2) (2019). We accept the concession. Because the court failed to comply with its obligations regarding notice as to the loss of C.B.'s constitutionally protected firearm rights, we reverse and remand.

This court held in In re Det. of T.C., 11 Wn. App. 2d 51, 62, 450 P.3d 1230 (2019) that former RCW 71.05.240(2) required the trial court to notify a person facing commitment, before entry of a commitment order, that if the person refuses to seek voluntary treatment and a commitment order is entered, they will lose their firearm rights.[1] We further held that lack of compliance with the statute that results in the loss of the right to bear arms is an error that may be raised for the first time on appeal. T.C., 11 Wn. App.2d at 61-62. As the hospital concedes, the court failed to meet its express notice obligations as required by the statute, which

---

[1] As amended in 2020, the current statute now allows either the court or the prosecutor to provide the required notice. See LAWS OF 2020, ch. 302 § 39.

prejudicially affected C.B.'s constitutional right to possess firearms. We reverse and remand for an order vacating the 14-day commitment finding.[2]

Reversed and remanded.

FOR THE COURT:

_Mann, C.J._

_____

_Appelwick, J._

---

[2] Because we reverse the order on this basis, it is unnecessary to reach C.B.'s claim that technological difficulties during the hearing deprived him of his constitutional right to counsel.